# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
### BEAUMONT DIVISION

| | | |
|---|---|---|
| DEMETRIUS HILL | § | |
| | § | CIVIL ACTION NO. 1:13-CV-440 |
| JOHN B. FOX, *et al.*, | § | |

## MEMORANDUM OPINION AND ORDER

Plaintiff, Demetrius Hill, an inmate formerly confined at USP Beaumont, proceeding *pro se* and *in forma pauperis*, filed this civil rights action pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), against defendants John B. Fox, Kenneth Russo, Christopher Matt, Bryan LaCour, Mark Fry and Preston Lamb.

### Procedural Background

By way of Report and Recommendation on December 5, 2015, the Magistrate Judge, to whom this case was referred, recommended defendants' Motion for Summary Judgment be granted for failure to exhaust administrative remedies and for failure to state a claim (docket entry no. 29). A Memorandum Order Adopting the Report and Recommendation was entered on April 4, 2016 (docket entry no. 30). A Final Judgment was also entered on that same day dismissing this civil action (docket entry no. 31).

On April 15, 2016, a copy of the Memorandum Order and Final Judgment were returned as "undeliverable" (docket entry no. 32). Plaintiff did not receive a copy of the Report and Recommendation until May 3, 2016 (docket entry no. 33). Plaintiff subsequently filed objections on May 17, 2017 (docket entry no. 34) and a Motion for Relief from Judgment on December 19, 2016 (docket entry no. 35). This Memorandum Opinion considers plaintiff's Motion for Relief from

Judgment in light of his objections to the Report and Recommendation.

## Standard of Review

Federal Rule of Civil Procedure 60(b) allows a court to relieve a party or its legal representative from a final judgment, order or proceeding on the basis of (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud, misrepresentation, or other misconduct of the adverse party; (4) the judgment being void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from judgment. *See* FED. R. CIV. P. 60(b). To prevail on a motion to set aside judgment, a movant must also show "good cause." *Meaux Servs., Inc. v. Dao*, 160 F.R.D. 563, 564 (E.D. Tex. 1995). Courts agree that a "final judgment" is needed to support a Rule 60(b) motion. 12 Moore's Federal Practice, § 60.23; *see also McMillan v. Mbank Fort Worth, N.A.*, 41 F.3d 362, 366 (5th Cir. 1993).

The Supreme Court has cautioned that Rule 60(b) should only be applied in extraordinary circumstances. *See Ames v. Miller*, 184 F.Supp.2d 566, 575 (N.D. Tex. 2002); *Ackermann v. United States*, 340 U.S. 193 (150). The court enjoys considerable discretion when determining whether the movant has satisfied the Rule 60(b) standard. *See Teal v. Eagle Fleet, Inc.*, 933 F.2d 341, 347 (5th Cir. 1991).

## Analysis

The Court presumes plaintiff seeks review under Federal Rule of Civil Procedure 60(b)(6) – "any other reason justifying relief from judgment." In both his objections and Motion for Relief from Judgment, plaintiff argues defendants' motion for summary judgment should be denied as the

administrative remedy process was made "unavailable" by defendants.[1] Plaintiff states he was physically assaulted several times for attempting to file a BP-9 and was then assaulted again for attempting to file a BP-9 about the assaults. Plaintiff also contends his cell was repeatedly searched and all his property was taken and destroyed.[2]

Federal courts may not excuse a prisoner's failure to exhaust available administrative remedies, regardless of the circumstances. *Ross v. Blake,* 136 S.Ct. 1850, 1856 (2016). The exhaustion requirement applies to all inmate suits concerning prison life, whether they involve general circumstances or particular episodes. *Porter v. Nussle*, 534 U.S. 516, 532 (2002). Prisoners must exhaust administrative remedies before filing a lawsuit regardless of the type of relief prayed for in the complaint. *Booth v. Churner*, 532 U.S. 731, 741 (2001).

The Federal Bureau of Prisons (BOP), which administers the prison where plaintiff was incarcerated, has a four-step process for resolving most complaints by prisoners. Initially, a prisoner must attempt to informally resolve the complaint with staff. 28 C.F.R. § 542.13(a). If informal attempts are unsuccessful, the prisoner must submit a written complaint to the warden on a prescribed form. 28 C.F.R. § 542.14. Ordinarily, the written complaint must be filed within twenty calendar days following the date the incident occurred. *Id*. However, an extension of time may be allowed if the prisoner demonstrates a valid reason for the delay, such as an extended period spent in-transit, the prisoner was physically incapable of preparing the complaint, or delays caused by members of the prison staff. *Id*. If the prisoner is not satisfied with the warden's response, he may

---

[1] The Court notes plaintiff had an opportunity to respond to defendants' motion for summary judgment on exhaustion but failed to do so. Plaintiff asked for an extension to file his reply which was granted. Plaintiff never filed a reply.

[2] Plaintiff cites to *Ross v. Blake* in support of his argument that the administrative remedy process was not available to him. 136 S.Ct. 1850 (2016) (PLRA explicitly states administrative remedy process must be available).

appeal to the Regional Director within twenty days unless an extension is granted. 28 C.F.R. § 542.15. If still unsatisfied, the prisoner may appeal to the Office of General Counsel within thirty days, although the time limit may be extended if the prisoner demonstrates a valid reason for the delay. *Id*.

Under certain circumstances, an inmate may file an administrative remedy request directly with the Regional Director. If an inmate reasonably believes the issue is sensitive and the inmate's well-being would be in danger if the request was filed at the institution level, the inmate may file a sensitive request with the Regional Director. 28 C.F.R. § 542.14(d)(1). The Regional Director must determine if the complaint qualifies as sensitive. *Id*. If the request is not sensitive, it is returned to the inmate to resubmit at the institution level for the warden to review. *Id*.

Assuming, as plaintiff argues, that the administrative remedy process was "unavailable" at the institutional level, plaintiff has still failed to establish, let alone argue, that he availed himself of the sensitive remedy process available to prisoners who believe their well-being is in danger. The present record confirms that plaintiff did not avail himself of this process. In order to exhaust administrative remedies, a prisoner must comply with applicable deadlines and procedural rules established by the prison system. *Woodford v. Ngo*, 548 U.S. 81, 90-91 (2006).

Based on the foregoing, it is **ORDERED** that plaintiff's Motion for Relief from Judgment is **DENIED**.

SIGNED this the 4 day of **January, 2017.**

_____
Thad Heartfield
United States District Judge